UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL ALMOND, JR.,

        Plaintiff,

v.                                                 Case No. 3:21-cv-39-MMH-JRK

FLAGLER COUNTY SHERIFF'S
OFFICE,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Michael Almond, Jr. initiated this action on January 13, 2021, by filing a pro se Civil Rights Complaint (Doc. 1).[1] Plaintiff named the Flagler County Sheriff's Office as the only Defendant, but alleged that he intended to name certain jail officials as additional defendants when he received the names of those officials. Id. at 3. He then moved for leave to file an amended complaint (see Doc. 7), which the Court granted on February 10, 2021 (see Order, Doc. 8). The Court directed Plaintiff to file an amended complaint by March 8, 2021. See Order (Doc. 8). Plaintiff, however, failed to file an amended complaint or request additional time within which to do so.

---

[1] Of note, Plaintiff was a detainee at the Flagler County Detention Center when he filed this case. He was released February 1, 2021. See Plaintiff's notice of change of address (Doc. 6).

Therefore, the Court directed Plaintiff to show cause, by April 12, 2021, why this case should not be dismissed for his failure to comply with the Court's Order or otherwise prosecute the case. See Order to Show Cause (Doc. 9). (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida). The Court advised Plaintiff that his failure to timely comply may result in the dismissal of this case without further notice.

In prosecuting this action, Plaintiff is responsible for complying with this Court's Orders. As of the date of this Order, he has neither complied with the Court's Orders (Docs. 8, 9), explained his noncompliance, nor requested additional time to comply. Given that the designated time to respond to the Court's Order (Doc. 9) passed on April 12, 2021, this Court concludes that dismissal of this case is appropriate at this time.

Further, state law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). In Florida, jail facilities are not amenable to suit under § 1983. See Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL

3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Because the Flagler County Jail is not a legal entity amenable to suit, Plaintiff fails to state a claim upon which relief may be granted against it. Thus, Plaintiff's claims against the Flagler County Jail are due to be dismissed on that basis. See, e.g., Reyle v. Clay Cnty. Jail, No. 3:18-cv-522-J-34JRK, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (holding that dismissal without prejudice was warranted when the only named defendant in action was the Clay County Jail).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice** for Plaintiff's lack of prosecution.

2. The **Clerk of Court** shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2021.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

caw 4/21
c: Michael Almond, Jr.